```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
YVONNE DRAIN and RONALD DRAIN,
individually and as parents and legal guardians of
plaintiff, J.D,

                            Plaintiffs,
         -against-                                              ORDER
                                                                14-CV-1959 (SJF)

FREEPORT UNION FREE SCHOOL DISTRICT,
FREEPORT HIGH SCHOOL, JOSEPH MILLE,
individually and in his official capacity, PEGGY
BECKETT, individually and in her official capacity,
K.W., and KARRIEM WATSON and CHEE CHEE
WATSON, as parents and legal guardians of K.W.,

                            Defendants.
----------------------------------------------------------------X
```

FILED
CLERK
3/9/2015 11:49 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge.

Before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("Report") (DE 21) recommending that the District defendants'[1] motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) be granted in part and denied in part. Plaintiffs Yvonne and Ronald Drain, individually and as parents of J.D., ("plaintiffs") timely filed objections (DE 22), to which District defendants have responded (DE 23). For the following reasons, the Report is adopted in part and District defendants' motion to dismiss is **GRANTED**.

**I.    Standard of Review**

Objections to any portion of a report and recommendation on a dispositive matter must be

---

[1] The District defendants are the Freeport Union Free School District, Freeport High School, Joseph Mille and Peggy Beckett. The Watson defendants filed an answer and cross-claims on August 11, 2014 (DE 20).

specific, in writing and served and filed within fourteen (14) days after service of the Report. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) . "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with further instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

## II.     Discussion

Plaintiffs object to the Report's findings on the bases it: (1) erroneously decides material facts in favor of the district defendants instead of accepting the allegations as true; (2) misapplies the applicable law; (3) ignores controlling authority with respect to defendant Mille's conduct; and (4) improperly raises procedural objections, *sua sponte*, to the plaintiffs filing of the amended complaint.

### A.     Plaintiffs' Substantive Due Process Claims

The complaint alleges that the District defendants violated J.D.'s substantive due process rights, pursuant to the Fourteenth Amendment, by failure to: (1) supervise; (2) protect; and (3) adhere to established school policy.

The Report, upon consideration of the law applicable to substantive due process claims, i.e., the special relationship, state created danger and conscience shocking doctrines, recommends

that plaintiffs' due process claims be dismissed.

"A substantive due process claim has two elements: (1) identification of the constitutional right at stake, and (2) consideration of whether the state action was arbitrary in a constitutional sense." *Bryant v. City of New York*, No. 99 Civ. 11237, 2003 WL 22861926, at *8 (S.D.N.Y. Dec. 2, 2003) (citing *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994)).

With respect to the special relationship doctrine,[2] "the weight of recent authority in [the Second] Circuit and others suggests that the duty to protect a student from the harassment of other students does not arise because of a special relationship between the State and the student while he or she attends public school." *P.W. v. Fairport Cent. School Dist.*, 927 F. Supp. 2d 76, 82 (W.D.N.Y. 2013). Rather, a "special relationship exists, for example, when a person is incarcerated in a state prison or mental institution." *Id.* (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198-200 (1989)). Accordingly, accepting the complaint's allegations as true, J.D. and the District defendants did not have a special relationship as a matter of law.

As to the state-created danger doctrine,[3] the Report states that the complaint's allegations do not demonstrate that defendants Mille or Beckett actively encouraged or facilitated defendant K.W.'s attack on plaintiff J.D. Rather, the allegations suggest that these defendants affirmatively

---

[2] "The State may be responsible for the care and protection of individuals where a special relationship exists between the State and the individual." *P.W. v. Fairport Cent. School Dist.*, 927 F. Supp. 2d 76, 81 (W.D.N.Y. 2013) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198-200 (1989)).

[3] "Where state actors actively facilitate or encourage private actors to inflict harm, courts have held that the victims can pursue a claim against state actors based on the state-created danger doctrine." *Id.* at 82.

acted to prevent harm to J.D. Thus, even if Mille failed to escort J.D. to the bus or failed to notify law enforcement about threats made to J.D. by K.W., there are no plausible allegations that Mille or Beckett encouraged or facilitated the alleged attack. Consequently, plaintiffs do not state a due process violation under these facts.

The Report also found that the District defendants' conduct does not, as a matter of law, rise to the level of conduct which shocks the conscience.[4] To determine whether conduct is so shocking that it violates the due process clause, a court "must inquire into whether the conduct infringing on that constitutionally protected interest was unconstitutionally arbitrary . . . [which] requires that it 'shock [ ] the conscience and [be] so brutal and offensive that it d[oes] not comport with traditional ideas of fair play and decency.' " *R.V. and J.V. v. Castellani*, No. 14 Civ. 1757, 2015 WL 294253, at *1 (2d Cir. Jan. 23, 2015) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)).

District defendants Mille and Beckett allegedly failed to contain, supervise, instruct, restrain, limit, secure or otherwise prevent K.W. from interacting with J.D. on May 21, 2013 and as a result, K.W. was able to intercept J.D. as she passed through the school's main lobby. K.W. began yelling and cursing at J.D. as defendant Beckett witnessed the scene from her post near the school's main doors. Beckett failed to restrain K.W. and instead, guided J.D. away from her. Because Beckett failed to remove the aggressor from the scene, K.W. was able to reach over Beckett's shoulder and slash J.D. across the face. A short while later, defendant Mille arrived at

---

[4] "The protections of substantive due process are available only against egregious conduct which goes beyond merely 'offend[ing] some fastidious squeamishness or private sentimentalism' and can fairly be viewed as so 'brutal' and 'offensive to human dignity' as to shock the conscience." *Smith v. Half Hollow Hills Cent. School Dist.*, 298 F.3d 168, 173 (2d Cir. 2002) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 & n.6 (2d Cir. 1973)).

the scene and observed J.D.'s injuries, but refused to report the incident to local law enforcement despite the fact that K.W.'s behavior violated the school's code of conduct. Defendant Mille also failed to advise J.D.'s parents about the true extent of her injuries or what had occurred and failed to provide plaintiff Ronald Drain with a report detailing the district's investigation into the attack. As a consequence of her actions, K.W. was arrested and charged with assault in the third degree and possession of a dangerous weapon.

As the Magistrate Judge reported, the allegations against the District defendants, taken as true, do not amount to conduct which shocks the conscience. Defendant Beckett, who apparently had to make a split second decision, opted to remove J.D. from the situation and her attacker. In addition, plaintiffs do not allege or point to authority requiring Mille to provide Ronald Drain with a copy of the school's investigative report. Finally, given K.W.'s arrest, local law enforcement was notified of the incident and there is no plausible allegation that someone other than the school contacted police.

Based upon all of the foregoing, plaintiffs have not identified a constitutional right at stake or that District defendants' conduct was arbitrary. Accordingly, plaintiffs' objections that the Report erroneously decides material facts in District defendants' favor and misapplies the law are overruled and that portion of the Report recommending that plaintiffs' due process claims be dismissed is adopted.[5]

---

[5] Defendants Mille and Beckett are also sued in their individual capacities. "Implicit within the concept of due process is that liability may be imposed on an individual only as a result of that person's own acts or omissions, not merely because of his association with any group." *Bryant*, 2003 WL 22861926, at *8 (citing *Tyson v. New York City Hous. Auth.*, 369 F. Supp. 513, 518 (S.D.N.Y. 1974)). As discussed above, plaintiffs have not shown that Mille or Beckett engaged in arbitrary or irrational conduct with respect to J.D. and accordingly, the individual claims are dismissed.

B.   **The Report Ignores Allegedly Controlling Authority**

Plaintiffs argue that the Report ignores controlling authority from *Ewing v. Roslyn High School*,[6] which found a substantive due process violation when a student was injured by another student and the school refused to call an ambulance. Plaintiffs argue that the Report "erroneously states that the Second Circuit does not recognize District Defendants' conduct as constitutionally actionable or conscious shocking," despite *Ewing's* holding that a jury could find that identical conduct was conscience shocking.

First, in *Ewing*, the issue was whether the school violated the plaintiff's substantive due process rights and whether its conduct shocked the conscience when the school refused to call an ambulance despite plaintiff's substantial injuries. Judge Seybert did not hold that the school's conduct shocked the conscience; rather, in denying summary judgment, the court held that it was a jury question.

Second, decisions by sister district courts are not controlling authority. Moreover, there is no evidence that the Second Circuit ever considered the *Ewing* decision or that it would have withstood appeal. For these reasons, this objection is also overruled.

C.   **The Amended Complaint**

As discussed in the Report, plaintiffs filed an amended complaint on June 24, 2014 (DE 15), after they served their opposition to District defendants' motion to dismiss (DE 14). The sole amendment was the substitution, in the caption, of "John" and "Jane" Watson with defendants' actual names, i.e., Karriem and Chee Chee ("Watson Defendants"). In their reply

---

[6] This decision, by the Honorable Joanna Seybert, is unpublished and is located on the Court's electronic case filing system under docket number 05-CV-1276 at entry 43.

brief, the district defendants acknowledged the existence of the amended complaint and indicated that their arguments in support of dismissal were equally applicable to either version. The Watson defendants filed an answer and cross-claims to the amended complaint without raising any objections. According to the Report, plaintiffs must either enter into a stipulation with all the parties or seek leave to amend pursuant to my Individual Rules.

Plaintiffs object and argue that the Report erroneously raised procedural objections *sua sponte* and that the time for defendants to raise objections[7] has been waived.

Pursuant to FRCP 15(a)(2), "a party may amend its pleading with . . . the court's leave." "[T]he trial judge's discretion is broad, and its exercise depends upon many factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In light of this broad discretion, a court may *sua sponte* grant leave to amend. *Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004).

The District defendants have not objected and the Watson defendants have filed an answer, with cross-claims, to the amended complaint. Based upon the foregoing and because defendants will not be prejudiced by the addition of the Watson defendants' first names to the caption, leave to amend is *sua sponte* granted. Accordingly, plaintiffs' objection is sustained and the amended complaint is deemed operative.

---

[7] In support of this proposition, plaintiffs cite to FRCP 4, which applies to summonses and not the procedures for amending a complaint.

**D. Supplemental Jurisdiction**

Finally, the Report recommends that the Court exercise supplemental jurisdiction over plaintiffs' state law negligence claim against the District defendants because the Watson defendants have filed cross-claims seeking indemnity and contribution from the District if plaintiffs prevail. Given, however, that all the federal claims in this matter have been dismissed and the remaining claims and cross-claims are state law based, I decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

**III. Conclusion**

For all of the foregoing reasons, the Report is adopted to the extent indicated and District defendants' motion to dismiss for failure to state a claim is granted as to plaintiffs' due process claims and they are dismissed with prejudice. Plaintiffs' and the Watson defendants' state law claims and cross-claims are dismissed without prejudice.[8] The Clerk of Court shall close this case.

**SO ORDERED**.

Dated: March 9, 2015
       Central Islip, New York

                                       /s/
                              Sandra J. Feuerstein, U.S.D.J.

---

[8] *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966) (holding that where all federal claims have been dismissed, state claims should be dismissed without prejudice and left for resolution by the state courts).